# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN, </br></br>  Plaintiff/Relator, </br></br> v. </br></br> THE PUBLIC WAREHOUSING COMPANY—K.S.C. d/b/a PWC LOGISTICS; THE SULTAN CENTER FOOD PRODUCTS COMPANY, K.S.C., TAREK ABDUL AZIZ SULTAN AL-ESSA; CHARLES TOBIAS SWITZER; and EMAD ALSALEH, </br></br>  Defendants. | Case No. 1:05-CV-02968-TWT |

## DEFENDANT CHARLES TOBIAS SWITZER'S SURREPLY IN OPPOSITION TO RELATOR'S MOTION FOR SERVICE BY ALTERNATIVE METHODS

A party may not raise arguments for the first time in a reply brief. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments [] raised for the first time in the reply brief are deemed waived."). Ignoring this well-settled principle, Relator makes numerous arguments for the first time in his Reply Brief that should not be

considered.[1]  Dkt. No. 142.  In any event, Relator's new arguments only further demonstrate why service by alternative methods on Mr. Switzer is inappropriate.

**1.    Relator Does Not Identify A Single United States Court Proceeding Where Mr. Switzer Is Or Has Been A Party.**

In his opening brief, Relator broadly alleges that Mr. Switzer is using the United States court system as a "sword" in other litigation but does not identify a single case where Mr. Switzer has been a party.  Dkt. No. 134-2 at 9–12.  In his reply, Relator identifies two proceedings that were not set forth in his original brief: a 2014 arbitration, and a New York case where PWC submitted a declaration signed by Mr. Switzer almost nine years ago.  *Id.* at 15–16.

Importantly, Mr. Switzer was not a party to either of those proceedings.  The 2007 declaration was submitted by PWC – not by Mr. Switzer.  There, just like the contracts signed by Mr. Switzer that Relator cites, *see* Reply Br. at 6, Mr. Switzer was acting within the scope of his employment at PWC.  The 2014 arbitration was a private proceeding handled outside of the federal court system altogether, and Mr. Switzer was not a named party to that proceeding.  This case is the first time that Mr. Switzer is a potential party to litigation in federal court.  Neither the 2007 declaration

---

[1] Regarding the timeliness of raising issues in this litigation, Relator alleges that Mr. Switzer filed an untimely response to his motion.  Reply Br. at 2, 12.  Relator is wrong.  Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 6(d),  the response deadline fell on Saturday, January 30, 2016, and Mr. Switzer filed his timely response on Monday, February 1.

nor the 2014 arbitration demonstrate that Mr. Switzer has previously used the federal court system as a "sword" in any way, and alternative service on him would be inappropriate.

## 2. Mr. Switzer Is Not Trying To "Evade Indictment" Or Escape The Government's Reach.

For the first time, Relator argues in his reply that Mr. Switzer is attempting to "evade indictment." Reply Br. at 8–9, 15. This contention is unsupported and makes no sense. No one can "evade indictment," and only a prosecutor and grand jury are required to return one. An individual being indicted need not appear nor even be physically present in the United States. *See, e.g.*, *United States v. Cote*, No. 1:12-CR-0053, 2015 WL 51303, at *1 (N.D. Ga. Jan. 2, 2015) (discussing indictment and extradition of person residing in Germany). The question before this Court is one only of service of process.

Relator also argues for the first time that "refusing alternative service would be allowing the fraud against the United States government by private entities to go unanswered." Reply Br. at 3. To the contrary, this Court has already granted the Government's motion for alternative service so that it can pursue its claims. Dkt. No. 140. Moreover, Mr. Switzer is not one of the defendants against whom the Government has intervened. Denying Relator's motion to serve Mr. Switzer by

Case 1:05-cv-02968-TWT   Document 145   Filed 02/16/16   Page 4 of 8

alternative means would in no way permit the Government's claims to "go unanswered."

### 3. **Relator's Lack Of Due Diligence Is Dispositive.**

In his opening brief, Relator does not even attempt to explain the two lengthy delays in his attempts to serve Mr. Switzer. Even in his reply brief, Relator's only answer is that "there has been no delay" because he attempted service on Mr. Switzer in January 2012. Reply Br. at 12–13. But this is not an explanation at all. The mere fact that Relator attempted service does not explain why he waited two years to do so, and it certainly does not shed light on why, after he litigated this issue in Kuwait and lost, Relator waited another two years to file this motion. It is well-established that a plaintiff must exercise due diligence in attempting to serve the defendant. *See, e.g.*, *Harris v. Orange S.A.*, No. 15-10553, 2015 WL 9583862, at *8 (11th Cir. Dec. 30, 2015). Here, Relator has not been diligent and cannot explain why.

Indeed, when Defendant Mr. Tarek Abdul Aziz Sultan Al-Essa filed suit in the Kuwaiti Court of First Instance to challenge Relator's January 2012 attempt at service, Relator fully participated in the lawsuit, without any involvement from the United States Government, and litigated the issue up to the Kuwaiti High Court of Appeals. *See* Gvt. Motion for Alt. Service (Dkt. No. 132-1) at 9. Having lost in both Kuwaiti courts, Relator now seeks a third bite at the apple. He wants this Court

4

to ignore his losing litigation efforts in his home country, including the Kuwaiti High Court's ruling.

Relator's only other possible explanation for his lack of diligence is his claim that this Court has not yet ruled on his Motion to Clerk of Court for Entry of Default Against Certain Defendants. Reply Br. at 4 n.1, 13 (citing Dkt. No. 81). The docket itself belies this claim. Mr. Switzer did not file an answer to Relator's complaint because he was never served, and the clerk of court thus granted Relator's motion by entering default judgment against Mr. Switzer. *See* Dkt. No. 113. Judge Vining, however, subsequently set aside the entry of default and administratively closed this case pending the Kuwaiti High Court of Appeals' decision. Dkt. Nos. 113, 117. Judge Vining's orders setting aside the default and closing this case were the clear and final resolution of Relator's motion. His claim that this Court has still not ruled on a motion he filed four years ago is incorrect. As soon as the Kuwaiti High Court invalidated Relator's attempt to serve Mr. Switzer, Relator could have, pursuant to Judge Vining's clear order, moved to reopen this case. *Id.* But Relator never did so. It was the Government that finally moved to reopen the case two years later and filed the first motion for alternative service. Relator has done too little, far too late.

## **CONCLUSION**

For these reasons and those set forth in Mr. Switzer's response to Relator's motion, this Court should deny the request for alternative service on Mr. Switzer.

5

Respectfully submitted this 16th day of February, 2016.

/s/ William R. Mitchelson, Jr.
William R. Mitchelson, Jr.
Georgia Bar No. 513811
T.C. Spencer Pryor
Georgia Bar No. 589251
Daniel F. Diffley
Georgia Bar No. 221703

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (phone)
(404) 881-7777 (fax)

*Attorneys for Defendant Charles Tobias Switzer*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN,<br><br>Plaintiff/Relator,<br><br>v.<br><br>THE PUBLIC WAREHOUSING COMPANY—K.S.C. d/b/a PWC LOGISTICS; THE SULTAN CENTER FOOD PRODUCTS COMPANY, K.S.C., TAREK ABDUL AZIZ SULTAN AL-ESSA; CHARLES TOBIAS SWITZER; and EMAD ALSALEH,<br><br>Defendants. | Case No. 1:05-CV-02968-TWT |

## **LOCAL RULE 7.1D CERTIFICATION**

In accordance with L.R. 7.1D, the undersigned counsel for Defendant hereby certifies that, consistent with L.R. 5.1B, the foregoing document was prepared in Times New Roman font, 14 point.

This 16th day of February, 2016.

/s/ William R. Mitchelson, Jr.
WILLIAM R. MITCHELSON, JR.
Georgia Bar No. 513811

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN,<br><br>      Plaintiff/Relator,<br><br>v.<br><br>THE PUBLIC WAREHOUSING COMPANY—K.S.C. d/b/a PWC LOGISTICS; THE SULTAN CENTER FOOD PRODUCTS COMPANY, K.S.C., TAREK ABDUL AZIZ SULTAN AL-ESSA; CHARLES TOBIAS SWITZER; and EMAD ALSALEH,<br><br>      Defendants. | Case No. 1:05-CV-02968-TWT |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 16th day of February, 2016, electronically filed the foregoing **Defendant Charles Tobias Switzer's Surreply in Opposition to Relator's Motion for Service by Alternative Methods** with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification to the all attorneys of record on this matter.

                                              /s/ William R. Mitchelson, Jr.
                                              WILLIAM R. MITCHELSON, JR.
                                              Georgia Bar No. 513811