# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN, <br><br> Plaintiff/Relator, <br><br> v. <br><br> THE PUBLIC WAREHOUSING COMPANY, K.S.C., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 1:05-CV-02968-TWT |

## CHARLES TOBIAS SWITZER'S MEMORANDUM
## IN SUPPORT OF HIS MOTION TO DISMISS
## <u>RELATOR KAMAL MUSTAFA AL-SULTAN'S COMPLAINT</u>

William R. Mitchelson, Jr.
Georgia Bar. No. 513811
T.C. Spencer Pryor
Georgia Bar No. 589251
Daniel F. Diffley
Georgia Bar No. 221703
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................. **Error! Bookmark not defined.**

PRELIMINARY STATEMENT .......................................................................... 1

FACTUAL BACKGROUND ............................................................................. 3

ARGUMENT..................................................................................................... 6

     I.     Motion to Dismiss Standard. ............................................................ 6

     II.    The Relator's FCA Claims are Insufficient as a Matter of Law. ......... 7

          A.     The Complaint does not allege that Mr. Switzer made any false or fraudulent claim to the government....................... 8

          B.     The Complaint does not allege that Mr. Switzer *knowingly* made a false or fraudulent claim to the government. ...........................................................................10

          C.     There are no allegations that Mr. Switzer made or caused to be made any false statements or representations which were material. ...........................................................................10

          D.     The Relator has failed to adequately plead an FCA conspiracy claim against Mr. Switzer....................................11

          E.     The Complaint Fails to Meet the Pleading Standards of Rule 9(b)...................................................................13

          F.     The Relator should not be given leave to amend. ....................16

     III.   The Relator Lacks Standing to Press the Government's Common-Law Claims. ...................................................................18

     IV.   The Relator Has Not Complied with this Court's Order Regarding Service of Process or with Rule 4. ...................................20

CONCLUSION ...............................................................................................23

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Am. Dental Ass'n v. CIGNA Corp.*,
605 F.3d 1283 (11th Cir. 2010) .......................................................................7

*Ambrosia Coal & Constr. Co. v. Pages Morales*,
482 F.3d 1309 (11th Cir. 2007) .....................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .........................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................6, 16

*U.S. ex rel. Bibby v. Wells Fargo Bank, N.A.*,
906 F. Supp. 2d 1288 (N.D. Ga. 2012) ............................................................8

*Britton v. Lincare, Inc.*,
2:13-CV-00742-SGC, 2015 WL 1487134 (N.D. Ala. Mar. 30,
2015) ................................................................................................................8

*Brooks v. Blue Cross and Blue Shield of Fla., Inc.*,
116 F.3d 1364 (11th Cir. 1997) .....................................................................14

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*,
290 F.3d 1301 (11th Cir. 2001) ....................................................... 6, 9, 10, 13

*Corsello v. Lincare, Inc.*,
428 F.3d 1008 (11th Cir. 2005) ...............................................................*passim*

*Enedah v. Am.'s Servicing Co.*,
No. 1:11-CV-695, 2012 WL 10973752 (N.D. Ga. Mar. 16, 2012) ..................21

*Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*,
556 F.3d 1232 (11th Cir. 2009) .................................................................16, 17

*U.S. ex rel. Graves v. Plaza Med. Ctrs. Corp.*,
  No. 10–23382–CIV, 2014 WL 5040284 (S.D. Fla. Oct. 8, 2014).....................12

*Haas v. Gutierrez*,
  No. 07 3623, 2008 WL 2566634 (S.D.N.Y. June 26, 2008) .......................19, 20

*Hayduk v. Lanna*,
  775 F.2d 441 (1st Cir. 1985) ...........................................................................7

*U.S. ex rel. Jallali v. Sun Healthcare Grp.*,
  No. 12-61011-CIV, 2015 WL 10687577 (S.D. Fla. Sept. 17, 2015),
  *aff'd sub nom. Jallali v. Sun Healthcare Grp., Sundance Rehab.*
  *Agency, Inc., Sundance Rehab. Corp., Does 1-500*, No. 15-14231,
  2016 WL 3564248 (11th Cir. July 1, 2016)....................................................19

*Jones v. Vericrest Fin., Inc.*,
  No. 1:11-CV-2330, 2011 WL 7025915 (N.D. Ga. Dec. 7, 2011),
  *report and recommendation aff'd sub nom. Jones v. Home Am.*
  *Mortg. Inc.*, No. 1:11-CV-2330, 2012 WL 113556 (N.D. Ga. Jan.
  12, 2012)........................................................................................................21

*Kaplan v. Hezbollah*,
  715 F. Supp. 2d 165 (D.D.C. 2010).................................................................22

*Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*,
  773 F.3d 243 (11th Cir. 2014), *cert. denied sub nom. Kawa*
  *Orthodontics, LLP v. Lew*, 136 S. Ct. 64 (2015)..............................................18

*U.S. ex rel. Keeler v. Eisai, Inc.*,
  568 F. App'x 783 (11th Cir. 2014)....................................................................6

*U.S. ex rel. King v. Jackson Cnty. Hosp. Corp. of Mariana, Fla.*,
  No. 5:99-cv-73, 2001 WL 34104925 (N.D. Fla. Aug. 17, 2001) .....................19

*U.S. ex rel. Laucirica v. Stryker Corp.*,
  No. 1:09-cv-63, 2010 WL 1798321 (W.D. Mich. May 3, 2010)......................19

*U.S. ex rel. Lee v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ........................................................................14

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ....................................................................................18

*U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*,
   591 F. App'x 693 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2379
   (2015) ...........................................................................................................8

*U.S. ex rel. Pedersen v. Hosp. Corp. of Am.*,
   No. 1:11-cv-41, 2012 WL 718896 (D. Utah Feb. 14, 2012) ............................19

*In re Pharma. Indus. Average Wholesale Price Litig.*,
   No. 01-12257, 2007 WL 4287572 (D. Mass. Dec. 6, 2007) ............................19

*U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*,
   152 F. Supp. 2d 443 (S.D.N.Y. 2001) ...........................................................19

*U.S. ex rel. Potra v. Jacobson Cos., Inc.*,
   No. 1:12-CV-01600, 2014 WL 1275501 (N.D. Ga. Mar. 27, 2014) ................13

*Rutledge v. Aveda*,
   No. 2:14-cv-00145, 2015 WL 2238786 (N.D. Ala. May 12, 2015) .................19

*U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*,
   972 F. Supp. 2d 1317 (N.D. Ga. 2013) ...........................................................17

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,
   524 F.3d 1229 (11th Cir. 2008) ......................................................................18

*Morgan ex rel. U.S. v. Sci. Applications Int'l Corp.*,
   No. 07-cv-4612, 2008 WL 2566747 (S.D.N.Y. June 26, 2008) ......................19

*United States v. Besneli*,
   No. 14-7339, 2015 WL 4755533 (S.D.N.Y. Aug. 12, 2015) ............................22

*United States v. Kiewit Pacific Co.*,
   41 F. Supp. 3d 796, 810 (N.D. Cal. 2014) ......................................................15

iv

*United States v. Peterson*,
    No. CV-11-5137, 2012 WL 315443 (E.D. Wash. Feb. 1, 2012) ......................15

*United States v. Villaspring Health Care Center, Inc.*,
    No. 3:11-43, 2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) .............................15

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*,
    136 S. Ct. 1989 (2016) ...........................................................................10, 11

*Urquilla-Diaz v. Kaplan Univ.*,
    780 F.3d 1039 (11th Cir. 2015) .......................................................................6

*Veazey v. Young's Yacht Sale & Serv., Inc.*,
    644 F.2d 475 (5th Cir. 1981) .........................................................................17

*Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*,
    529 U.S. 765 (2000) .......................................................................................19

*U.S. ex rel. Walsh v. Eastman Kodak Co.*,
    98 F. Supp. 2d 141 (D. Mass. 2000) ..............................................................19

*Ziemba v. Cascade Int'l, Inc.*,
    256 F.3d 1194 (11th Cir. 2001) .....................................................................18

**Statutes**

False Claims Act, 31 U.S.C. § 3729 *et seq.* ......................................................*passim*

Fraud Enforcement and Recovery Act of 2009,
    Pub. L. No. 111–21, 123 Stat. 1617 ................................................................8

**Other Authorities**

Article III, U.S. Const. ..........................................................................................18

Fed. R. Civ. P. 4..........................................................................................5, 20, 21, 22

Fed. R. Civ. P. 8..........................................................................................2, 12, 13

Fed. R. Civ. P. 9(b) ...................................................................*passim*

Fed. R. Civ. P. 12(b)(5)...............................................................21

Fed. R. Civ. P. 12(b)(6)..............................................................1, 6

Fed. R. Civ. P. 41(b) .................................................................22

Defendant Charles Tobias Switzer ("Mr. Switzer") files this Memorandum of Law in support of his Motion to Dismiss the Complaint, the First Amended Complaint and the Second Amended Complaint of Relator Kamal Mustafa Al-Sultan under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), 12(b)(6), 8, and 9(b).

The United States declined to intervene in any of the Relator's claims against Mr. Switzer.

## PRELIMINARY STATEMENT

Out of the 133 paragraphs in the Relator's complaint and its two amendments, exactly *four* mention Mr. Switzer.[1]  One of those paragraphs identifies Mr. Switzer as a defendant; two mention him in passing, and the fourth contains the unsubstantiated conclusion that he conspired with the other Defendants to defraud the government.  *See* Compl. ¶¶ 7, 22, 76, 77.  Nowhere in the Relator's original complaint or two amendments is there any particularized factual allegation concerning Mr. Switzer's conduct or allegations describing—in even the faintest terms—the circumstances of any of his alleged wrongdoing.  Even giving the Relator all benefits and favorable inferences, the original complaint and its amendments fail

---

[1] The original complaint and the two amendments are collectively referred to in this brief as the "Complaint."  Because the Relator's two amended complaints incorporate their predecessor pleadings, Mr. Switzer moves to dismiss all three pleadings—the original complaint and each of the amended complaints.

1

to allege the most basic elements of any False Claims Act (the "FCA") claim against Mr. Switzer and miss the mark entirely under Rule 8, much less Rule 9(b)'s heightened pleading standard.

The other non-FCA counts in the Relator's Complaint should be dismissed as well. In each of those counts, the Relator asserts the common-law claims of the government which he has no standing to bring, including common-law claims for breach of contracts to which the Relator is not a party (Count IV), payment under mistake of fact relating to those government contracts (Count V), and unjust enrichment (Count VI). The law is uniformly clear now as it has been for years that a *qui tam* relator lacks standing to bring common-law claims on behalf of the government.

This Court should dismiss all of the declined FCA and improperly asserted common-law claims against Mr. Switzer because the allegations asserted by the Relator are insufficient legally to sustain any of those claims. Moreover, the Complaint should be dismissed because the Relator by his own admission has not served Mr. Switzer in compliance with this Court's prior order on service by alternative means.

2

## FACTUAL BACKGROUND

The Relator's initial complaint in this case is eleven years old.  Since the Relator filed his initial complaint under seal in November 2005 (Dkt. No. 1), he has not included in either of his two subsequent amendments any allegation mentioning Mr. Switzer by name.  The Relator's First Amended Complaint was filed in September 2006 (Dkt. No. 13), and his Second Amended Complaint in October 2009 (Dkt. No. 60).

This action involves the Prime Vendor ("PV") Contracts between Defendant PWC and the Defense Supply Center Philadelphia ("DSCP") to provide logistics support and food procurement and delivery services to U.S. military personnel operating in Iraq, Kuwait, and Qatar, including the Iraq War Zone.  The Relator's allegations concern three PV contracts—PV1, PV Bridge, and PV2—that were in effect from May 2003 until December 2010.  During that time, PWC successfully filled over 99% of the military's orders at prices that DSCP declared to be "fair and reasonable."

The Relator alleges that PWC and the Sultan Center charged inflated prices for goods in its invoices to DSCP.  Compl. ¶¶ 35, 37.  The Relator also alleges that PWC received discounts from some of its suppliers and did not pass on those discounts to DSCP.  Compl. ¶¶ 99-108.

3

Mr. Switzer was not a party to any of these contracts. Mr. Switzer is a retired United States naval officer, who has lived in Kuwait since 1999. During his naval career, Mr. Switzer served on two shipboard tours, as the Logistics Planning Officer for Special Operations—including serving on the Special Operations Battle Staff for Desert Storm, and as CIO and CFO of the U.S. Naval Base Pearl Harbor. After his twenty-two years of distinguished service to the United States Navy, Mr. Switzer retired at the rank of Commander and began working for PWC in February of 1999. During the time period addressed in the Complaint, he held various positions with PWC and currently serves as PWC's Chief Human Capital Officer.

The Relator makes no direct allegations of any specific wrongful conduct against Mr. Switzer in his FCA claim. The entire 133-paragraph Complaint contains only four paragraphs about Mr. Switzer. *Id.* ¶¶ 7, 22, 76, 77. In November 2009, the government intervened in part against Defendants PWC, the Sultan Center, and Mr. Sultan (Dkt. No. 65), but ultimately elected to name only PWC and the Sultan Center in the Complaint in Intervention (Dkt. No. 71). The government declined to intervene against the individual Defendants, including Mr. Switzer. *Id.*

Six years after this case was unsealed (and after a failed attempt to seek an improper default judgment against Mr. Switzer and the other Defendants), the Relator still had not served any Defendant. Dkt. No. 113. In January 2016, the

Relator asked this Court for permission to serve Mr. Switzer and the other Defendants through a combination of "alternative means" under Rule 4(f)(3). Dkt. Nos. 134-1, 134-2. This Court granted the motion, ordering the Relator to serve Mr. Switzer in four separate and distinct ways. Dkt. No. 147. Two months later, on July 5, 2016, the Relator notified Mr. Switzer's counsel that he believed he had completed service on Mr. Switzer in the manner ordered by the Court. He made this claim prior to filing a proof of service as required by Rule 4. Having been advised by the Relator that service as ordered by this Court had been completed, the parties conferred and agreed to a briefing schedule, with Mr. Switzer reserving his right to challenge sufficiency of process and sufficiency of service of process at a later time. Dkt. No. 161 at 2. The Relator has since filed a "proof of service" in which he admits that he has not served Mr. Switzer by international courier, one of the means ordered and required by the Court. Dkt. No. 186 ¶ 7 & Ex. D.

Pursuant to the Court's approved joint briefing schedule, Mr. Switzer now files this Motion to Dismiss.

## ARGUMENT

The Court should dismiss the Complaint against Mr. Switzer with prejudice because after eleven years the Relator has failed to allege sufficient facts to state plausible claims, much less claims that satisfy heightened standards of pleading.

### I.     Motion to Dismiss Standard.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *see also Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015).  It is well-settled that these pleading requirements apply with equal force in FCA cases as well.  *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 793 (11th Cir. 2014) (stating that claims asserted under the FCA are subject to "the requirements of *Twombly*, *Iqbal*, and Federal Rules of Civil Procedure 8(a) and 12(b)(6)…").

In FCA cases, Rule 9(b) requires relators to plead claims with particularity. *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2001). And because the Relator's conspiracy claim is predicated on fraud, it is subject to

Rule 9(b)'s heightened pleading requirements as well.  *See, e.g.*, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam) (applying Rule 9(b) to affirm the dismissal of a FCA conspiracy claim); *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("[In] actions alleging conspiracy to defraud or conceal, the particularity requirements of Rule 9(b) must be met.").

To satisfy Rule 9(b), a plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [plaintiff]; and (4) what the defendants gained by the alleged fraud."  *Am. Dental Ass'n v. CIGNA Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (internal quotation marks omitted).

## II.    The Relator's FCA Claims are Insufficient as a Matter of Law.

The FCA imposes civil liability on "any person who … knowingly presents, or causes to be presented, [to] an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government."   31 U.S.C. § 3729(a)(1)-(2).   To establish a cause of action under the FCA, a relator must prove three elements: (1) a

false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false. *Corsello*, 428 F.3d at 1014.

For all three essential elements, any allegations against Mr. Switzer are conspicuously missing from the Complaint, and the Complaint does not state a claim for violation of the FCA against him.

### A.   The Complaint does not allege that Mr. Switzer made any false or fraudulent claim to the government.

The Relator asserts two FCA-based claims against Mr. Switzer:  presentment of false claims under 31 U.S.C. § 3729(a)(1) (Count I) and use of false statements under § 3729(a)(2) (Count II), in addition to a conspiracy to violate the FCA under § 3729(a)(3), discussed separately below.[2]  The Relator's allegations purporting to

---

[2] The FCA was amended and renumbered by the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111–21, 123 Stat. 1617 ("FERA").  The Relator's Complaint relies on the pre-FERA version of the FCA, codified as 31 U.S.C. § 3729(a)(1)-(3).  Accordingly, his claims should be analyzed only under the pre-FERA version of the FCA.  *See U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 710-11 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2379 (2015) (applying the pre-FERA FCA in a case where the relator, over the course of multiple amendments, cited and relied upon on the pre-FERA FCA only); *Britton v. Lincare, Inc.*, 2:13-CV-00742, 2015 WL 1487134, at *2 (N.D. Ala. Mar. 30, 2015) (similar).  Should the Court choose to apply the post-FERA provisions to conduct alleged by the Relator that post-dates FERA (for claims under (a)(1)) or to any alleged claims for payment pending as of June 7, 2008 (for claims under (a)(2)), *see U.S. ex rel. Bibby v. Wells Fargo Bank, N.A.*, 906 F. Supp. 2d 1288, 1295 (N.D. Ga. 2012), all of the Relator's claims still fail as a matter of law and should be dismissed.

support the claims alleged in Counts I and II against Mr. Switzer consist of just four paragraphs: One identifies him as a defendant (Compl. ¶ 7), two mention his job responsibilities in passing (*id.* ¶¶ 22, 77), and one offers the legal conclusion that Mr. Switzer "knew about, advanced, and conspired in directing and perpetuating fraudulent conduct in his supervisory role as PWC's General Manager and as a member of the Board of Directors of the Partnership" (*id.* ¶ 76).[3]

None of those paragraphs allege submission of a false or fraudulent claim to the government, which is the "*sine qua non* of a False Claims Act violation." *Clausen*, 290 F.3d at 1308. It is the submission of a claim for payment to the government that converts an improper financial relationship into an act of fraud upon the government and forms the basis of an FCA cause of action. *Id.* at 1311. The failure to allege the submission of a false claim and Mr. Switzer's connection to it is fatal to the Relator's claim against Mr. Switzer in Count I. *Id.*

---

[3] Mr. Switzer is not mentioned by name in a single factual allegation in the First Amended Complaint, including with respect to allegations concerning prompt payment discounts received from United States-based suppliers (Count VIII). *See* Dkt. No. 13. Nor is he mentioned in a single allegation in the entire Second Amended Complaint. *See* Dkt. No. 60.

**B.     The Complaint does not allege that Mr. Switzer *knowingly* made a false or fraudulent claim to the government.**

Similarly, not a single paragraph in the Complaint alleges that Mr. Switzer *knowingly* asked the government to pay an amount not owed.  The FCA "does not create liability merely for a[n individual]'s disregard of Government regulations or improper internal policies, unless, as a result of such acts, the [individual] knowingly asks the Government to pay amounts it does not owe." *Clausen*, 290 F.3d at 1311 (internal citation omitted).  Once again, the scant allegations in the Complaint call for dismissal as there is no allegation that Mr. Switzer knowingly submitted a false claim or caused such a claim to be submitted.  The Relator's assertion that "Defendants" participated in a fraudulent scheme to inflate prices and earn a higher profit is not enough to state a FCA claim against Mr. Switzer.

**C.     There are no allegations that Mr. Switzer made or caused to be made any false statements or representations which were material.**

Count II of the Relator's Complaint—his "false statement" claim—suffers from a similar fatal infirmity.  The Relator fails to allege any facts suggesting that any purported representation made or caused to be made by Mr. Switzer (or any other Defendant for that matter) was material to the government.  This is an essential element of a FCA claim.  *See Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 1996 (2016) ("A misrepresentation about compliance with a

statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the False Claims Act."). The Supreme Court recently emphasized that the statute's materiality requirement is "rigorous" and should be applied at the motion to dismiss stage. *Id.* at 2004 n.6. Here, the Complaint does not meet that "demanding" and "rigorous" standard. *Id.* at 2003. Instead, with absolutely no specifics concerning Mr. Switzer, the Complaint simply states with no explanation, that "Defendants'" representations were material to payments under the contracts. *See* Compl. at ¶¶ 84, 91. Not only that, but those two bare allegations are not alleged with respect to *any* FCA claims, which is where materiality is required. Instead, the allegations are contained in the Realtor's common-law claims for breach of contract (Count IV) and payment under mistake of fact (Count V), which he lacks standing to bring.

### D. The Relator has failed to adequately plead an FCA conspiracy claim against Mr. Switzer.

The Relator also asserts a conspiracy claim under the FCA (Count III) and alleges in conclusory fashion that Defendants "agreed, conspired, and had a tacit understanding to defraud the United States Government." Compl. ¶ 74. These sweeping and entirely un-specific allegations are legally insufficient. In order to properly state a claim of conspiracy under 31 U.S.C. § 3729(a)(3), the Relator "must show (1) that the defendant conspired with one or more persons to get a false or

fraudulent claim paid by the United States; (2) that one or more of the conspirators performed any act to effect the object of the conspiracy; and (3) that the United States suffered damages as a result of the false or fraudulent claim." *Corsello*, 428 F.3d at 1014 (internal quotation marks omitted).

The Relator's conspiracy claim against Mr. Switzer falls flat at the first element: There is no allegation that Mr. Switzer entered into any agreement with any other Defendant. The only allegation offered is that Mr. Switzer "knew about, advanced, and conspired in directing and perpetuating fraudulent conduct in his supervisory role as PWC's General Manager and as a member of the Board of Directors of the Partnership." Compl. ¶ 76. That bare legal allegation is not enough to show that he entered into an alleged conspiracy—not under Rule 8, and certainly not under Rule 9(b). *See, e.g.*, *Corsello*, 428 F.3d at 1014 (affirming dismissal of FCA conspiracy claim for failure to comply with Rule 9(b) where plaintiff alleged only that "Lincare and Varraux conspired to defraud the Government," finding that "bare legal conclusion [] unsupported by specific allegations of any agreement"); *U.S. ex rel. Graves v. Plaza Med. Ctrs. Corp.*, No. 10–23382–CIV, 2014 WL 5040284, at *3 (S.D. Fla. Oct. 8, 2014) ("The bare assertion that 'Defendants conspired' to violate the False Claims Act is entirely conclusory, and legal

conclusions are insufficient under Fed. R. Civ. P. 8(a)(2) and certainly under the heightened Rule 9(b) standard.").

Moreover, as discussed above, there are no facts alleged to support a substantive FCA claim against Mr. Switzer.  Because those claims are not viable, it follows that the conspiracy claim is not viable either, and Count III should be dismissed as well.  *See, e.g.*, *U.S. ex rel. Potra v. Jacobson Cos., Inc.*, No. 1:12-CV-01600, 2014 WL 1275501, at *4 (N.D. Ga. Mar. 27, 2014) (Duffey, J.) ("Because the Relators have failed to state an FCA claim, their claim that the Defendants allegedly conspired to violate the FCA necessarily fails.").

### E.       The Complaint Fails to Meet the Pleading Standards of Rule 9(b).

Because the Relator has failed to plead even the essential elements of his claims against Mr. Switzer as required by Rule 8, his claims are entirely deficient when measured against the particularity requirements of Rule 9(b).  The Relator attempts to cover up his pleading deficiencies by lumping all Defendants together and alleging that "Defendants" (*e.g.*, Compl. ¶¶ 74, 79, 99) or "Defendant PWC and its co-Defendants" (*e.g.*, *id.* ¶¶ 70, 71, 85) carried out a scheme to defraud the government.

Rule 9(b) forbids this sort of one-for-all pleading.  There is no "guilt by association" under the FCA.  *Clausen*, 290 F.3d at 1308 (internal quotation marks

13

omitted).   A plaintiff cannot state a legally adequate claim through the tactic of grouping multiple defendants together in undifferentiated allegations and generically claiming that the "defendants" defrauded the government.   Rule 9(b) requires the Relator to plead Mr. Switzer's alleged fraud with particularity— differentiating Mr. Switzer from the other Defendants and spelling out the who, what, when, where, and how of his purported fraud.   *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007) ("[In] a case involving multiple defendants … the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (internal quotation marks omitted).

There are no such allegations in the Complaint.   Instead, the Relator lumps Mr. Switzer in with the rest of the Defendants and alleges generally that "Defendants" (*e.g.*, Compl. ¶¶ 74, 79, 99) defrauded the government.   The Eleventh Circuit has rejected attempts to circumvent Rule 9(b) pleading requirements through undifferentiated group allegations.   *Ambrosia Coal*, 482 F.3d at 1317 ("In *Brooks* [*v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997)], we concluded that the complaint alleging [fraud] did not meet the Rule 9(b) particularity standard because it was devoid of specific allegations with respect to each defendant; the plaintiffs lumped together all of the defendants in their allegations of fraud.").   Courts in other circuits have done the same.   *See, e.g.*, *U.S. ex rel. Lee v. Corinthian*

14

*Colls.*, 655 F.3d 984, 997-98 (9th Cir. 2011) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.").

A relator's attempt to rope an individual defendant in with the corporate defendants has also been repeatedly rejected by other District Courts. For example, in *United States v. Villaspring Health Care Center, Inc.*, No. 3:11-43, 2011 WL 6337455, at *9 (E.D. Ky. Dec. 19, 2011), the court dismissed the claims against individual defendant Bortz because "other than identifying him as a party and asserting that he signed the Medicare and Medicaid provider agreement and cost reports on behalf of Villaspring, the Complaint barely mention[ed] Bortz by name." In *United States v. Kiewit Pacific Co.*, 41 F. Supp. 3d 796, 810 (N.D. Cal. 2014), the court dismissed all the claims against four individual defendants because the allegations specific to each of them were conclusory. The allegations against defendant Robinson, for instance, were only that he was the "Assistant District Manager at Kiewit Infrastructure West Co. and the project sponsor" and that "[h]e was aware of, and acted in furtherance of, the activities of defendants Riley and Rattai." *Id*. Those "threadbare allegations [we]re insufficient to allege Robinson's *personal involvement* in the alleged false claim." *Id*. (emphasis added). *See also*

15

*United States v. Peterson*, No. CV-11-5137, 2012 WL 315443, at *3 (E.D. Wash. Feb. 1, 2012) (dismissing FCA claims against an individual defendant because the only allegations about him were that he "'had supervisory and oversight authority over [] employees who made purchases and sales related to providing materials to DOE prime contractors' and 'made or facilitated purchases and sales related to providing materials to' DOE prime contractors…").

The Relator has not even tried to differentiate Mr. Switzer from the rest of the Defendants.  The four allegations about Mr. Switzer are nowhere near enough to plead fraud under Rule 9(b) or to suggest wrongdoing on Mr. Switzer's part— whether individually or as part of any purported conspiracy.  *See Twombly*, 550 U.S. 544, 555-56 (2007) (conspiracy claim requires more than "labels and conclusions"); *Corsello*, 428 F.3d at 1014 (dispatching under Rule 9(b) the "bare legal conclusion" that two companies "conspired to defraud the Government").

### F.    The Relator should not be given leave to amend.

"In deciding whether to grant a party leave to amend a pleading, a district court may consider … 'undue delay, … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party …, [and] futility of amendment.'"  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178,

182 (1962)).  After eleven years and two amended complaints, all of those factors dictate that the Relator should not be given another chance to re-plead his claims. The Relator has had over a decade to plead the particularized facts of Mr. Switzer's alleged fraud and to convey any information he had to the government, which has declined to intervene in any claims against Mr. Switzer.  Indeed, the Relator's "repeated failure to cure deficiencies by amendments previously allowed" justifies dismissing the Complaint.  *Equity Lifestyle*, 556 F.3d at 1241; *see also U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 972 F. Supp. 2d 1317, 1338 (N.D. Ga. 2013) (Totenberg, J.).  Moreover, the Relator's lengthy eleven-year delay is prejudicial, given that "[d]elay alone can infuse an adverse element into the proper flow of litigation."  *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477 (5th Cir. 1981).  At this point, a fourth bite at the apple is not appropriate and would serve no public purpose.

Further, leave to amend would prove futile. If particularized factual allegations concerning Mr. Switzer existed, the Relator would have added them by now.  There is no reason to believe that the Relator has anything other than the little information he has already given concerning Mr. Switzer.  This case has been widely discussed in other judicial proceedings and in the media.  There is no reason to believe the Relator could resuscitate his dusty and insufficient FCA claims.  *See* 31

17

U.S.C. § 3730(e)(4)(A). The Court should dismiss the Complaint against Mr. Switzer with prejudice. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1212-13 (11th Cir. 2001) (affirming the denial of leave to amend because "a more carefully drafted complaint could not state a claim") (internal quotation marks omitted); *see also Corsello*, 428 F.3d at 1014.

## III.   The Relator Lacks Standing to Press the Government's Common-Law Claims.

The Court should also dismiss the Relator's common-law claims for breach of contract (Count IV), payment under mistake of fact (Count V), and unjust enrichment (Count VI). Compl. ¶¶ 82-94. A *qui tam* relator lacks standing to assert those kinds of claims.

Article III standing is a prerequisite for any plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In order to demonstrate standing under Article III of the Constitution, a plaintiff must allege an "injury in fact." *See Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't of the Treasury*, 773 F.3d 243, 245 (11th Cir. 2014), *cert. denied sub nom. Kawa Orthodontics, LLP v. Lew*, 136 S. Ct. 64 (2015). "[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

18

Absent traditional Article III standing, the Relator only has standing to sue under the FCA because Congress has partially assigned the government's damages claims under the FCA to private individuals. *See* 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of [the FCA] for the person and for the United States."); *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 787 (2000). Congress has not, however, assigned the government's common-law claims to private individuals, so a *qui tam* relator lacks standing to bring them.

Every court to have considered the issue has agreed. *See, e.g.*, *U.S. ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass. 2000) (dismissing relator's common-law claim for lack of standing).[4]  Moreover, relators in other cases have acknowledged that they have no standing to bring the government's common-

---

[4] *See also, e.g.*, *U.S. ex rel. Jallali v. Sun Healthcare Grp.*, No. 12-61011-CIV, 2015 WL 10687577, at *10 (S.D. Fla. Sept. 17, 2015), *aff'd sub nom. Jallali v. Sun Healthcare Grp., Sundance Rehab. Agency, Inc., Sundance Rehab. Corp., Does 1-500*, No. 15-14231, 2016 WL 3564248 (11th Cir. July 1, 2016); *Rutledge v. Aveda*, No. 2:14-cv-00145, 2015 WL 2238786, at *13 (N.D. Ala. May 12, 2015); *U.S. ex rel. Pedersen v. Hosp. Corp. of Am.*, No. 1:11-cv-41, 2012 WL 718896, at *4 (D. Utah Feb. 14, 2012); *U.S. ex rel. Laucirica v. Stryker Corp.*, No. 1:09-cv-63, 2010 WL 1798321, at *8 (W.D. Mich. May 3, 2010); *Morgan ex rel. U.S. v. Sci. Applications Int'l Corp.*, No. 07-cv-4612, 2008 WL 2566747, at *3 (S.D.N.Y. June 26, 2008); *Haas v. Gutierrez*, No. 07 3623, 2008 WL 2566634, at *3 (S.D.N.Y. June 26, 2008); *In re Pharma. Indus. Average Wholesale Price Litig.*, No. 01-12257, 2007 WL 4287572, at *5 (D. Mass. Dec. 6, 2007); *U.S. ex rel. King v. Jackson Cnty. Hosp. Corp. of Mariana, Fla.*, No. 5:99-cv-73, 2001 WL 34104925, at *3 (N.D. Fla. Aug. 17, 2001).

law claims. *See, e.g.*, *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 452 (S.D.N.Y. 2001) ("At the argument of the motion, the plaintiff agreed that all of the common law claims … should be dismissed for lack of standing."); *Haas v. Gutierrez*, 2008 WL 2566634, at *3 ("[A]s plaintiffs' attorney acknowledges, the Congressional grant of private standing to sue in FCA cases does not extend to common law causes of action.").

The Relator should have dismissed his common-law claims against Mr. Switzer when the government declined to intervene in any claims against him. The Court should dismiss them now.

### IV.    The Relator Has Not Complied with this Court's Order Regarding Service of Process or with Rule 4.

The Relator bears the burden of establishing that he properly served Mr. Switzer. *See* Fed. R. Civ. P. 4(*l*)(1). His filed "proof of service" demonstrates that he has failed to do so. *See* Dkt. No. 186.

In January of this year, the Relator asked this Court for permission to serve Mr. Switzer and the other Defendants through a combination of "alternative means" under Rule 4(f)(3). Dkt. Nos. 134-1, 134-2. The Court granted the Relator's request, ordering him to serve Mr. Switzer in four different ways: (1) through local counsel by electronic mail, (2) through local counsel by U.S. mail, (3) through publication

20

in a Kuwaiti newspaper of general circulation, and (4) by international courier. Dkt. No. 147.

Three months have passed since the Court ordered alternative service, and the Relator has failed to serve Mr. Switzer in two of the ways that the Court ordered: by international courier and publication in a Kuwaiti newspaper. In fact, the Relator *admits* that he has not served Mr. Switzer by international courier. Dkt. No. 186 ¶ 7. As his filed "proof of service" shows, the Relator attempted to serve Mr. Switzer via international courier at Salwa, Plot No. 11, Street No. 3, House No. 29 in Kuwait— the same address that the Relator used on a summons back in 2011 that was never served. *Id.* But he concedes that "Federal Express was not been able [sic] to deliver the package citing 'customer not available or business closed.' … Federal Express was unable to deliver the package." Dkt. No. 186 ¶ 7 & Ex. D. The Relator has not served Mr. Switzer in compliance with the Court's order, so the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5). *See Enedah v. Am.'s Servicing Co.*, No. 1:11-CV-695, 2012 WL 10973752, at \*5 n.5 (N.D. Ga. Mar. 16, 2012) (Totenberg, J.) (dismissing complaint where "Plaintiff has not filed any proof of [] alleged service or stated when or how he carried it out," even "[i]n the face of [Defendant's] allegation that it has not been properly served"); *Jones v. Vericrest Fin., Inc.*, No. 1:11-CV-2330, 2011 WL 7025915, at \*23 (N.D. Ga. Dec. 7, 2011)

21

(Hagy, M.J.), *report and recommendation aff'd sub nom. Jones v. Home Am. Mortg. Inc.*, No. 1:11-CV-2330, 2012 WL 113556 (N.D. Ga. Jan. 12, 2012) (Thrash, J.) (dismissing complaint where plaintiff "failed to file any proof of timely service upon Defendant, [] failed to request any extension of time in which to do so, and [] failed to show good cause for her failure to effect service"); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with [] a court order, a defendant may move to dismiss the action or any claim against it.").

Nor has the Relator properly served Mr. Switzer by publication in a Kuwaiti newspaper of general circulation.  In the filed proof of service, the Relator claims to have published one service notice in two Kuwaiti newspapers—both published in Arabic—on the same day.  *See* Dkt. No. 186, Exs. E-1, E-2.  But a single publication in two newspapers on the same day is insufficient service by publication when ordered under Rule 4(f).  Courts generally require multiple newspaper notices spread over multiple weeks.  *See, e.g.*, *United States v. Besneli*, No. 14-7339, 2015 WL 4755533, at *3 (S.D.N.Y. Aug. 12, 2015) (ordering publication under Rule 4(f)(3) in a pre-approved foreign newspaper once a week for four successive weeks); *Kaplan v. Hezbollah*, 715 F. Supp. 2d 165, 167 (D.D.C. 2010) (ordering publication under Rule 4(f)(3) "in the three Lebanese newspapers with the largest national

circulation twice per week in each newspaper on a staggered schedule to cover six days each week for a period of four weeks").

Assuming that service is even allowed at this juncture,[5] the Relator has admitted that he has failed to serve Mr. Switzer in compliance with this Court's order.   Accordingly, the Complaint should be dismissed for lack of service of process.

## CONCLUSION

The Relator's Complaint does not come close to meeting the pleading requirements in a FCA case.  The Relator has not pleaded a single factual allegation suggesting that Mr. Switzer violated the FCA.  For these reasons, and the others stated above, the Court should dismiss the Complaint against Mr. Switzer, with prejudice.

---

[5] Mr. Switzer continues to believe that the ordered alternative service does not comply with U.S. or Kuwaiti law, as set forth in his earlier arguments that the Relator's proposed alternative service was deficient in the first place.  *See* Dkt. Nos. 139, 145.  Mr. Switzer argued that each of the proposed service methods violates Kuwaiti law; that service on Mr. Switzer's U.S. counsel is invalid because he has not appointed his U.S. counsel as service agents; that the alternative service presents serious procedural due process concerns; and that alternative service is inappropriate because the Relator has not diligently sought to serve Mr. Switzer over the last decade.  *Id.*  With respect to Mr. Switzer's first argument, the Relator admits that the Kuwaiti High Court has "prohibited any further attempts at service on the employees of [PWC]," including Mr. Switzer.  Dkt. No. 188 at 2.

Respectfully submitted this 22nd day of August, 2016.

/s Daniel F. Diffley
William R. Mitchelson, Jr.
Georgia Bar No. 513811
T.C. Spencer Pryor
Georgia Bar No. 589251
Daniel F. Diffley
Georgia Bar No. 221703
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
(404) 881-7000 (phone)
(404) 881-7777 (fax)

*Attorneys for Charles Tobias Switzer*

24

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN, | ) ) ) |
| | ) |
| Plaintiff/Relator, | ) |
| | ) |
| v. | ) |
| | ) |
| THE PUBLIC WAREHOUSING COMPANY, K.S.C., et al., | ) ) |
| | ) |
| Defendants. | ) |

Case No. 1:05-CV-02968-TWT

## LOCAL RULE 7.1D CERTIFICATION

In accordance with L.R. 7.1D, the undersigned counsel for Defendant Charles Tobias Switzer hereby certifies that, consistent with L.R. 5.1B, the foregoing document was prepared in Times New Roman font, 14 point.

This 22nd day of August, 2016.

/s/ Daniel F. Diffley
DANIEL F. DIFFLEY
Georgia Bar No. 221703

25

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KAMAL MUSTAFA AL-SULTAN, )<br><br>Plaintiff/Relator, )<br><br>v. )<br><br>THE PUBLIC WAREHOUSING COMPANY, K.S.C., et al., )<br><br>Defendants. ) | Case No. 1:05-CV-02968-TWT |

**CERTIFICATE OF SERVICE**

This is to certify that I have this 22nd day of August, 2016, electronically filed the foregoing **Charles Tobias Switzer's Memorandum in Support of his Motion to Dismiss Relator Kamal Mustafa Al-Sultan's Complaint** with the Clerk of the Court using the CM/ECF system, which will automatically send an e-mail notification to the all attorneys of record on this matter.

/s Daniel F. Diffley
DANIEL F. DIFFLEY
Georgia Bar No. 221703

26