**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex* | ) | |
| *rel.* KAMAL MUSTAFA AL-SULTAN, | ) | |
| | ) | |
| Plaintiff/Relator, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. |
| | ) | 1:05-CV-02968-TWT |
| THE PUBLIC WAREHOUSING | ) | |
| COMPANY, K.S.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS THE PUBLIC WAREHOUSING COMPANY, K.S.C. AND
TAREK ABDUL AZIZ SULTAN AL-ESSA'S  SUPPLEMENTAL BRIEF IN
SUPPORT OF THEIR JOINT MOTION TO TRANSFER VENUE TO THE
EASTERN DISTRICT OF PENNSYLVANIA, PURSUANT TO
28 U.S.C. § 1404(a)</u>**

On July 18, 2016, pursuant to 28 U.S.C. § 1404(a), The Public Warehousing

Company, K.S.C., a/k/a Agility ("PWC"), moved to transfer venue in this case to

the Eastern District of Pennsylvania (PWC's "Motion to Transfer").  (Dkt. 164.)

Concurrently herewith, Defendant Tarek Abdul Aziz Sultan Al-Essa ("Sultan") has

filed a motion to adopt PWC's Motion to Transfer.  PWC and Mr. Sultan, by and

through their attorneys, now jointly submit this Supplemental Brief in Support of

Their Joint Motion to Transfer Venue to the Eastern District of Pennsylvania

1

("Supplemental Brief").  PWC and Mr. Sultan hereby incorporate all of the facts and arguments set forth in PWC's Brief in Support of Its Motion to Transfer ("PWC Br.") (Dkt. 164-1), which focuses primarily on the government's First Amended Complaint in Intervention ("FAC") (Dkt. 78), and advance the following supplemental facts and arguments, which address additional venue-related allegations raised by Relator Kamal Mustafa Al-Sultan's ("Relator") Initial Complaint ("Compl.") (Dkt. 1), First Amended Complaint ("RFAC") (Dkt. 13), and Second Amended Complaint ("RSAC") (Dkt. 60) (collectively, "Relator's Complaints").  The additional facts and arguments set forth herein provide further support for transferring this case to the Eastern District of Pennsylvania.

## I.   SUPPLEMENTAL FACTS SPECIFIC TO RELATOR'S COMPLAINTS

### A.   None of the Additional Defendants Named in Relator's Complaints Reside in This District.

Relator's Complaints name three individual defendants—Mr. Sultan, Charles Tobias Switzer ("Switzer"), and Emad AlSaleh ("AlSaleh")—who were not named in the government's FAC.  (Compl. ¶¶ 6-8.)  As with the rest of the parties in this case—including Relator himself (*see* PWC Br., at 2)—none of these defendants reside in this District.

1.  <u>Defendant Sultan</u>

Mr. Sultan resides in Kuwait City, Kuwait.  (Compl. ¶ 6.)  During the period covered by Relator's Initial Complaint, Mr. Sultan served as PWC's Board Chairman and Managing Director.  (*Id.*)

2.  <u>Defendant Switzer</u>

Mr. Switzer resides in Kuwait City, Kuwait.  (*Id.* ¶ 7.)  During the period covered by Relator's Initial Complaint, Mr. Switzer served as PWC's General Manager of the Prime Vendor Program.  (*Id.*)

3.  <u>Defendant AlSaleh</u>

Mr. AlSaleh resides in Kuwait City, Kuwait.  (*Id.* ¶ 8.)  During the period covered by Relator's Initial Complaint, Mr. AlSaleh was an employee of PWC. (*Id.*)

## B.     Relator's Complaints Draw No Specific Connections Between the Northern District of Georgia and the Operative Facts of This Case.

As discussed in PWC's initial brief in support of its Motion to Transfer, on November 18, 2005, Relator filed his initial *qui tam* complaint *under seal* in this District, alleging that PWC, The Sultan Center Food Products Company, K.S.C. ("TSC"), Mr. Sultan, Mr. Switzer, and Mr. AlSaleh knowingly presented false or fraudulent claims for payment to the United States government, including improper overcharges for products the government purchased through the Prime Vendor

Contracts ("PV Contracts").  (*See* PWC Br., at 9; Compl. ¶¶ 66-94.)  Relator's Initial Complaint focused on alleged overcharges for local market ready items and fresh fruits and vegetables, which PWC purchased from suppliers outside the continental United States ("OCONUS")—primarily from TSC.  (PWC Br., at 9; Compl. ¶¶ 30-64; 66-94.)

**None of the operative facts alleged in Relator's Initial Complaint took place in the Northern District of Georgia.**  (*Id.*)  **Indeed, virtually all of the operative facts alleged in Relator's Initial Complaint that are set in the United States—**namely, PWC's submission of invoices to the Defense Supply Center Philadelphia ("DSCP" or the "Philadelphia Supply Center"), and DSCP's award and administration of PWC's PV Contracts—**took place in the Eastern District of Pennsylvania.**  (PWC Br., at 9; Compl. ¶¶ 14, 23, 25, 27-28, 31, 45, 47-50, 58, 61, 64, 67, 70, 83-84, 89.)

It was not until Relator filed his First Amended Complaint almost one year later, on September 25, 2006, that Relator raised any claims relating to suppliers located in the continental United States ("CONUS" suppliers).  (PWC Br., at 9-10; RFAC ¶ 99.)  Even then, Relator failed to allege any facts connecting any of the nine CONUS suppliers listed in his First Amended Complaint to this District.  (PWC Br., at 9-10; RFAC ¶¶ 99-109.)  While at least one of these CONUS

4

suppliers—Zartic, Inc. ("Zartic")—once had ties to the Northern District of Georgia, as demonstrated in PWC's initial brief in support of its motion to transfer venue, Zartic no longer has any operations in this District, and it accounted for only about 2.5% of the dollar value of all supplier purchases throughout the course of the PV Contracts.  (PWC Br., at 10-11.)

None of the other eight CONUS suppliers listed in Relator's First Amended Complaint are based in this District.  (*See* Supplemental Declaration of Emily Ludmir Aviad ("Supp. Aviad Decl.") ¶¶ 2-8; Supp. Aviad Decl. Exs. A-G (websites listing the headquarter locations of Rastelli's Fine Foods ("Rastelli"), BiRite Food Service Distributors, Imperial Sales, Ocean Direct Seafood, Richmond Wholesale, American Grocers, and American Bounty); and Declaration of Emily Ludmir Aviad ("Aviad Decl.") (Dkt. 164-5) ¶ 11; Aviad Decl. Ex. N (email identifying the U.S. location of Texas Best Trading LLC ("Texas Best")).) In fact, two of PWC's more significant suppliers—Texas Best, whose U.S. operations are based in Salisbury, MD, and Rastelli, whose headquarters are in Swedesboro, NJ—are based in cities that are just a car (or train) ride away from the federal courthouse in Philadelphia, and thus are significantly closer to the Eastern District of Pennsylvania than to the Northern District of Georgia.  (*See* Aviad Decl. (Dkt. 164-5) ¶ 11; Aviad Decl. Ex. N; and Supp. Aviad Decl. ¶ 2; Supp. Aviad

Decl. Ex. A.)   The six remaining CONUS suppliers listed in Relator's First Amended Complaint are headquartered in locations that are not especially convenient for either this District, or for the Eastern District of Pennsylvania.  (*See* Supp. Aviad Decl. ¶¶ 3-8; Supp. Aviad Decl. Exs. B-G.)

The only paragraph in Relator's Complaints that even mentions this District in any way is the one used to establish venue here, which states that "PWC owns and conducts business in the U.S. through GeoLogistics Americas, an international freight management and logistics company, with significant operations and a 220,000 square foot facility near Hartsfield International Airport in Atlanta," and that PWC "conducts business and has clients in the Northern District of Georgia and has recruited employees in Atlanta, specifically in connection with the contracts with the United States Government described herein."  (*See* Compl. ¶ 2.) However, nowhere in Relator's Complaints does he allege any links between GeoLogistics Americas—either with its operations in general or with its facility in Atlanta more specifically—and any of the transactions at issue in this case.  And while Relator vaguely claims that connections exist between the PV Contracts and PWC's business, clients, and recruitment of employees in this District, nowhere in his Initial Complaint—or in either of his subsequent Amended Complaints—does

Relator specifically allege that any of the operative facts in this case took place in this District.

## II.   SUPPLEMENTAL ARGUMENTS SPECIFIC TO RELATOR'S COMPLAINTS

### A. The Balance of Factors Strongly Favors a Transfer to the Eastern District of Pennsylvania.

As discussed in PWC's initial brief, the balance of the nine transfer factors identified in *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005), weigh strongly in favor of transferring this case to the Eastern District of Pennsylvania.  (*See* PWC Br., at 15-25.)  In addition to the arguments set forth in PWC's initial brief, the following arguments, raised in response to the allegations in Relator's Complaints, also favor transfer.

#### 1.   Relator's Choice of Forum Deserves Little Deference (Factor 8).

While courts have traditionally accorded a plaintiff's choice of forum considerable deference, the plaintiff's choice of forum is accorded less weight where, as here, "the forum lacks any significant connection with the underlying claim or operative facts and neither the plaintiff nor the defendant is a resident of that forum."  (*See* PWC Br., at 16, citing, among other cases, *Lasher v. Day & Zimmerman Int'l Inc.*, No. Civ. A. 1:05-CV-02643, 2006 WL 1518877, at *4 (N.D. Ga. May 30, 2006).)  Here, neither Relator nor any of the named defendants are

residents of this District. (*See supra* at 2-3.)  Moreover, Relator himself does not tie any of the operative facts alleged in his Complaints to this District.  (*See supra* at 3-7.)   Accordingly, Relator's choice of forum should be accorded minimal deference here.

2.  The Locus of Operative Facts in the United States Is Indisputably Philadelphia (Factor 4).

Transfer is appropriate where the locus of operative facts (i.e., the place where the events and actors material to proving liability in a case are located) is in the transferee forum.  (*See* PWC Br., at 16-17.)  Philadelphia—as the center of award and administration of the PV Contracts, the home of the vast majority of DSCP personnel with whom PWC transacted, and the place where all of PWC's invoices were reviewed and approved (*see* PWC Br. ¶¶ 5-9; 17)—is indisputably the U.S. locus of operative facts alleged in both the government's FAC and in Relator's Complaints.[1]

---

[1]    In fact, the Philadelphia Supply Center is so central to the award and administration of the U.S. government's subsistence prime vendor contracts in the Middle East, that the United States Attorney's Office in the Eastern District of Pennsylvania took the lead in the investigations of at least three other prime vendors—Supreme Foodservices GmbH, Bahrain Maritime and Mercantile International, and Seven Seas Shipchandlers, Inc.—that provided food to the U.S. troops in various Middle Eastern countries during the period of PWC's PV Contracts.  (*See* Supp. Aviad Decl. ¶ 9.)

8

Moreover, transfer is also warranted here because of the tenuous and minimal connection that *this* District has to the underlying facts, especially when the connection to the Eastern District of Pennsylvania is so strong.  (*Id.* at 17-18.) Relator does not link *any* of the few Georgia-specific facts mentioned in his Complaints—the presence of a PWC-owned GeoLogistics Americas facility in Atlanta, and his allegations that PWC "conducts business and has clients in the Northern District of Georgia and has recruited employees in Atlanta" in connection with the PV Contracts (Compl. ¶ 2)—to the alleged operative facts of this case. Accordingly, Relator's Complaints add nothing to the lack of substantial connections in the FAC between this District and the overall action.

3. The Convenience of the Parties and Witnesses Favors Transfer to the Eastern District of Pennsylvania (Factors 1 and 3).

As discussed in PWC's initial brief, the convenience of the parties and witnesses in this case also strongly favors transfer to the Eastern District of Pennsylvania.  (*See* PWC Br., at 18-21.)

Relator's Complaints do not allege any facts suggesting that the convenience of the parties and witnesses weighs in favor of this District.   Indeed, like Defendants PWC and TSC, the individual defendants named in Relator's Complaints—Mr. Sultan, Mr. Switzer, and Mr. AlSaleh—all reside in Kuwait (*see supra* at 3), making Atlanta, Georgia no more convenient for them than

9

Philadelphia, Pennsylvania.  Relator himself also resides in Kuwait.  (*See supra* at

2.)  And while Relator's counsel resides in this District, "**the fact that counsel**

**may be inconvenienced is irrelevant to whether [a] motion for transfer should**

**be granted**."  *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 284 (N.D. Ga.

1983) (emphasis added); *see also Hoffman v. Medquist, Inc.*, No. 1:04-CV-3452-

WSD, 2005 WL 3095713, at *3 & n.4 (N.D. Ga. Nov. 16, 2005) (same); *Bell v. K*

*Mart Corp.*, 848 F. Supp. 996, 999 (N.D. Ga. 1994) (same).  This is especially the

case here, where it was Relator's own decision to select counsel and bring his

lawsuit in a forum that has such tenuous connections to the allegations at issue.[2]

Relator's Complaints also fail to move the pendulum in favor of keeping the

case in this District based on the location of likely non-party witnesses.  Indeed, of

---

[2]      *See supra* at 7-8 (explaining that a plaintiff's choice of forum deserves little weight when the forum lacks any significant connection to the operative facts of the case, and neither plaintiff nor defendant resides there).  (*See also* PWC Br., at 16.)  Relator may attempt to argue that the additional expense of transporting his Atlanta-based counsel to Philadelphia weighs in favor of keeping the case here under *Manuel* factor 6 (the relative means of the parties).  But it was Relator's choice to select counsel and bring his case in an ill-suited forum; the Court should not reward him for his poor decision-making at the expense of the other key factors favored by the courts.  Moreover, since the government (not the Relator) will be taking the lead in litigating this case, and the government has the means to litigate in any U.S. district (*see, e.g.*, *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998)), the means of the parties should not play a factor in the Court's decision of whether to transfer this case.  (*See also* PWC Br., at 25.)

the nine CONUS suppliers mentioned in Relator's Complaints, only one—Zartic, the same one mentioned in the government's FAC—was ever based in Georgia, and it no longer has operations in this District. (*See supra* at 4-5; PWC Br., at 10-11, 20.) If anything, the locations of two of the CONUS suppliers mentioned in Relator's Complaints—Rastelli and Texas Best—support transfer, as the U.S. headquarters of both companies are just a short distance from Philadelphia. (*See supra* at 5-6.) The other six CONUS suppliers mentioned in Relator's Complaints are neutral in this evaluation, as neither district is particularly close geographically to their headquarters, and most of the possible witnesses from the non-party OCONUS suppliers mentioned in Relator's Complaints (*see, e.g.*, RFAC ¶¶ 111-116) would likely come from outside the U.S., meaning that the choice of forum between Philadelphia and Atlanta would likely have no material effect on them.

Accordingly, when viewed as a whole, the convenience of the parties and material witnesses, based on both the government's FAC and the Relator's Complaints, strongly favors transferring this case to the Eastern District of Pennsylvania.

## III.   CONCLUSION

For the foregoing reasons, as well as the reasons set forth in PWC's brief and other materials in support of Its Motion to Transfer (Dkt. 164), Defendants

PWC and Mr. Sultan respectfully request that the Court transfer this case to the

Eastern District of Pennsylvania.

Dated: August 22, 2016          Respectfully submitted,

                                s/ Richard Marmaro
                                Richard Marmaro (admitted *Pro Hac Vice*)
                                Cal. Bar No. 091387
                                Matthew E. Sloan (admitted *Pro Hac Vice*)
                                Cal. Bar No. 165165
                                Emily Ludmir Aviad (admitted *Pro Hac Vice*)
                                Cal. Bar No. 251995
                                SKADDEN ARPS SLATE MEAGHER & FLOM LLP
                                300 S. Grand Avenue, Suite 3400
                                Los Angeles, California  90071-3144
                                Telephone:  (213) 687-5000
                                Facsimile:   (213) 687-5600

Dated: August 22, 2016          Respectfully submitted,

                                s/ Kristin N. Tahler
                                Kristin N. Tahler (admitted *Pro Hac Vice*)
                                QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                865 S. Figueroa St., 10th Floor
                                Los Angeles, California  90017
                                Telephone:  (213) 443-3000
                                Facsimile:   (213) 443-3100

Dated: August 22, 2016          Respectfully submitted,

                                s/ Richard H. Deane, Jr.
                                Richard H. Deane, Jr.
                                Ga. Bar No. 214875
                                Lucas W. Andrews
                                Ga. Bar No. 019533
                                JONES DAY
                                1420 Peachtree Street, N.E., Suite 800

Atlanta, Georgia  30309-3053
Telephone:   (404) 521-3939
Facsimile:    (404) 581-8330

Attorneys for Defendants
The Public Warehousing Company, K.S.C., and
Tarek Abdul Aziz Sultan Al-Essa

13

## **LOCAL RULE 5.1 CERTIFICATION**

I hereby certify that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1.

Dated:  August 22, 2016          Respectfully submitted,

s/ Richard Marmaro
Richard Marmaro

Attorney for Defendants
The Public Warehousing Company, K.S.C., and
Tarek Abdul Aziz Sultan Al-Essa

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I have caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filings to all counsel of record.

This 22nd day of August, 2016.

s/ Richard Marmaro
Richard Marmaro