**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex* | ) | |
| *rel.* KAMAL MUSTAFA AL-SULTAN, | ) | |
| | ) | |
| Plaintiff/Relator, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. |
| | ) | 1:05-CV-02968-TWT |
| THE PUBLIC WAREHOUSING | ) | |
| COMPANY, K.S.C., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**THE PUBLIC WAREHOUSING COMPANY, K.S.C.'S ANSWER AND**</u>
<u>**AFFIRMATIVE DEFENSES TO RELATOR KAMAL MUSTAFA AL-**</u>
<u>**SULTAN'S COMPLAINT, FIRST AMENDED COMPLAINT, AND**</u>
<u>**SECOND AMENDED COMPLAINT**</u>

Defendant The Public Warehousing Company, K.S.C., a/k/a Agility ("PWC"), by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses to Relator Kamal Mustafa Al-Sultan's ("Relator") Complaint (ECF No. 1), First Amended Complaint (ECF No. 13), and Second Amended Complaint (ECF No. 60). PWC denies all of the allegations in Relator's complaints unless expressly admitted herein.

## RESPONSES TO NUMBERED PARAGRAPHS

1.      Paragraph 1 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC admits that the Relator purports to state an action to recover damages against Defendants.  PWC denies that the Relator is entitled to any relief on any claim asserted.  PWC states that 28 U.S.C. § 1331, 31 U.S.C. § 3732(a), and 28 U.S.C. § 1391(d), referenced in paragraph 1, speak for themselves.  PWC otherwise denies the allegations in paragraph 1.

2.      PWC admits that it has conducted business in the U.S., including in the Northern District of Georgia.  PWC otherwise denies the allegations in paragraph 2.

3.      Paragraph 3 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC admits that Relator is a Kuwaiti person, that Relator has a company called KMSCO, and that Relator held a BPA in Kuwait.  PWC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the second and third sentences of paragraph 3 and, on that basis, denies the same.  PWC admits that the Relator purports to bring this lawsuit under the False Claims Act for himself and on behalf of the United States of America.  PWC denies that the Relator is

1

entitled to any relief on any claim asserted. PWC otherwise denies the allegations in paragraph 3.

4.      Paragraph 4 sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, PWC admits that it is organized and exists under the laws of Kuwait. PWC admits that it is publicly traded on the Kuwaiti Stock Exchange. PWC admits that it was the Subsistence Prime Vendor to supply food to the U.S. military operating in Iraq and elsewhere in the Middle East from 2003 to 2010. PWC otherwise denies the allegations in paragraph 4.

5.      Paragraph 5 sets forth legal conclusions as to which no response is required. To the extent a response is deemed necessary, PWC admits that the Sultan Center Food Products Company, K.S.C. ("TSC") is organized and exists under the laws of Kuwait and admits that TSC is publicly traded on the Kuwaiti Stock Exchange. PWC otherwise denies the allegations in paragraph 5.

6.      PWC denies paragraph 6 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

7.      PWC denies paragraph 7 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

8.      PWC denies paragraph 8 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

9.      PWC lacks knowledge or information sufficient to form a belief as to the truth of paragraph 9 and, on that basis, denies the allegations in paragraph 9.

10.     PWC admits that the Relator held a BPA in Kuwait. PWC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 10 and, on that basis, denies the allegations in paragraph 10.

11.     PWC lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 11 and, on that basis, denies the same.  PWC denies the remainder of paragraph 11 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that the remainder of paragraph 11 is deemed not moot, PWC admits that it provides global supply chain solutions through a network of warehousing facilities and transportation trade management services.  PWC admits that it services customers in many of the industries identified in paragraph 11.  PWC admits that it did not provide foodstuff provisioning to the United States in Iraq prior to 2003.   PWC otherwise denies the allegations in paragraph 11.

3

12.     PWC denies the second sentence of paragraph 12.  PWC denies the remainder of paragraph 12 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that the remainder of paragraph 12 is deemed not moot, PWC admits that it was the Subsistence Prime Vendor to supply food to the U.S. military operating in Iraq and elsewhere in the Middle East from 2003 to 2010.  PWC admits that it was the Prime Vendor under the prime vendor contracts at issue in the Relator's complaints ("PV Contracts") and identified in paragraph 12.  PWC admits that the Relator has attached documents labeled Exhibit A and Exhibit B, which purport to be true copies of what Relator calls the "First PV Contract" and the "Second PV Contract," respectively.  To the extent that paragraph 12 paraphrases, summarizes, or characterizes the PV Contracts, their solicitations, or any related proposals or attempts to draw any factual inferences or legal conclusions from the PV Contracts, their solicitations, or any related proposals, PWC denies these allegations.  PWC admits that the PV Contracts have generated over $2 billion in sales.  PWC otherwise denies the allegations in paragraph 12.

13.     PWC denies paragraph 13 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 13 is deemed not

moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of paragraph 13 and, on that basis, denies the allegations in paragraph 13.

14.     PWC denies paragraph 14 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 14 is deemed not moot, PWC admits that the United States Defense Supply Center ("DSCP") issued Solicitation No. SP0300-02-R-4003 in approximately May 2002.  To the extent that paragraph 14 paraphrases, summarizes, or characterizes the PV Contracts or their solicitations or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their solicitations, PWC denies these allegations.  PWC otherwise admits the allegations in paragraph 14.

15.     PWC admits that Relator held a BPA in Kuwait.  PWC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the second sentence of paragraph 15 and, on that basis, denies the same.  PWC denies the remainder of paragraph 15 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that the remainder of paragraph 15 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 15 and, on that basis, denies the same.  PWC admits the third sentence of paragraph 15.

16.     PWC lacks knowledge or information sufficient to form a belief as to the truth of paragraph 16 and, on that basis, denies the allegations in paragraph 16.

17.     PWC denies the first sentence of paragraph 17 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that the first sentence of paragraph 17 is deemed not moot, and to the extent that the first sentence of paragraph 17 paraphrases, summarizes, or characterizes the PV Contracts or their solicitations or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their solicitations, PWC denies these allegations.  PWC otherwise denies the first sentence of paragraph 17.  As to the second sentence of paragraph 17, PWC admits that it worked with KMSCO to respond to the 2002 Solicitation.  To the extent the second sentence of paragraph 17 paraphrases, summarizes, or characterizes the PV Contracts or their solicitations or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their solicitations, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 17.

18.     PWC admits that the Relator has attached a document labeled Exhibit C, which purports to be a true copy of what the Relator refers to as the "Partnership Agreement" and which speaks for itself.  To the extent that

6

paragraph 18 paraphrases, summarizes, or characterizes Exhibit C or attempts to draw any factual inferences or legal conclusions from Exhibit C, PWC denies these allegations.  PWC otherwise denies the allegations of paragraph 18.

19.    The so-called "Partnership Agreement" attached as Exhibit C and referenced in paragraph 19 speaks for itself.  To the extent that paragraph 19 paraphrases, summarizes, or characterizes Exhibit C or attempts to draw any factual inferences or legal conclusions from Exhibit C, PWC denies these allegations.  PWC otherwise denies the allegations of paragraph 19.

20.    The so-called "Partnership Agreement" attached as Exhibit C and referenced in paragraph 20 speaks for itself.  To the extent that paragraph 20 paraphrases, summarizes, or characterizes Exhibit C or attempts to draw any factual inferences or legal conclusions from Exhibit C, PWC denies these allegations.

21.    PWC admits that, at the time of bidding for the First PV Contract, it intended to work with KMSCO to obtain local market ready items ("LMRI") in connection with the First PV Contract.  PWC lacks information or knowledge sufficient to form a belief as to the truth of KMSCO's intentions referenced in paragraph 21 and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 21.

22.     PWC lacks knowledge or information sufficient to form a belief as to the truth of the first and second sentences of paragraph 22 and, on that basis, denies the same.  As to the third sentence of paragraph 22, PWC admits that the National Real Estate Company ("NREC") is a PWC shareholder.  The fourth sentence of paragraph 22 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 22 due to, among other reasons, the vagueness and ambiguity of those allegations.  The so-called "Partnership Agreement" attached as Exhibit C and referenced in the fifth and last sentences of paragraph 22 speaks for itself.  To the extent that the fifth and last sentences of paragraph 22 paraphrase, summarize, or characterize Exhibit C or attempt to draw any factual inferences or legal conclusions from Exhibit C, PWC denies these allegations. As to the sixth sentence in paragraph 22, PWC admits that it appointed Charles Tobias Switzer and Emad Al Saleh as its board designees under the Partnership Agreement, and that Relator Kamal Mustafa Al-Sultan was designated as the third director under the Partnership Agreement.  PWC otherwise denies the allegations in paragraph 22.

23.    PWC admits that it submitted proposals in connection with the solicitation of the PV Contracts.   PWC further admits that the Relator has attached a document labeled Exhibit D, which purports to be a true copy of what the Relator calls "a proposal responding to the 2002 Solicitation."   To the extent that paragraph 23 paraphrases, summarizes, or characterizes Exhibit D or attempts to draw any factual inferences or legal conclusions from Exhibit D, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 23.

24.    PWC admits that it submitted a proposal in connection with the solicitation of the PV Contracts that stated "Mr. Kamal Sultan will have primary responsibility for ensuring the quality provisioning of all market-ready (BPA) provisioning."   To the extent that paragraph 24 paraphrases, summarizes, or characterizes PWC's proposals or attempts to draw any factual inferences or legal conclusions from those proposals, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 24.

25.    PWC denies paragraph 25 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent that paragraph 25 is deemed not moot, PWC admits the first and second sentences of paragraph 25.   As to the third sentence of paragraph 25, to the extent that the third sentence of paragraph

9

25 paraphrases, summarizes, or characterizes the PV Contracts or their modifications or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations. PWC admits that the First PV Contract expressly incorporated proposals submitted to DSCP by PWC. PWC otherwise denies the allegations of paragraph 25.

26. PWC denies paragraph 26 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent that paragraph 26 is deemed not moot, to the extent that paragraph 26 paraphrases, summarizes, or characterizes the PV Contracts or their modifications or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations. PWC lacks knowledge or information sufficient to form a belief as to the truth of the "critical purpose" of the First PV Contract and, on that basis, denies the same. PWC admits that the First PV Contract's estimated first year value was $22,391,904.00. PWC otherwise admits the allegations in paragraph 26.

27. PWC denies paragraph 27 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent that paragraph 27 is deemed not moot, PWC admits that the Relator has attached a document labeled Exhibit E,

which purports to be a list of contracts.   To the extent that paragraph 27 paraphrases, summarizes, or characterizes the PV Contracts or their modifications or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations. PWC admits that the First PV Contract was modified 36 times after its award date.   PWC admits that the modifications included, among other things, the addition of administrative support contracts, changes in fiscal years, changes to ordering or delivery options, option year renewals and the creation and award of a new contract.  PWC otherwise denies the allegations in paragraph 27.

28.     PWC denies paragraph 28 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 28 is deemed not moot, PWC admits that the Relator has attached a document labeled Exhibit F, which purports to be a true copy of what Relator calls "Modification P00036" to the First PV Contract.  To the extent that paragraph 28 paraphrases, summarizes, or characterizes the PV Contracts or their modifications or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations.   PWC otherwise admits the allegations in paragraph 28.

11

29.    PWC denies paragraph 29 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 29 is deemed not moot, paragraph 29 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC admits that PWC billed DSCP a "Unit Price" for each item ordered, and that a "Unit Price" is comprised of two components, the "Delivered Price" and the "Distribution Price."   To the extent that paragraph 29 paraphrases, summarizes or characterizes the PV Contracts or attempts to draw any factual inferences or legal conclusions from the PV Contracts, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 29.

30.    PWC denies paragraph 30 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 30 is deemed not moot, paragraph 30 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, as to the first and second sentences of paragraph 30, to the extent the first and second sentences of paragraph 30 paraphrase, summarize, or characterize the PV Contracts or their modifications or attempt to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations. PWC otherwise admits the allegations in the first two sentences of paragraph 30.

12

As to the third sentence of paragraph 30, PWC lacks knowledge or information sufficient to form a belief as to the truth of the sentence and, on that basis, denies the same.  PWC denies the last sentence of paragraph 30.

31.    PWC denies the first sentence of paragraph 31 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that the first sentence of paragraph 31 is deemed not moot, PWC admits the first sentence of paragraph 31.  As to the second sentence of paragraph 31, PWC admits that it worked with KMSCO to fill DSCP's orders for LMRI during PWC's performance under the First PV Contract.  PWC denies the last sentence of paragraph 31.  PWC otherwise denies the allegations in paragraph 31.

32.    Paragraph 32 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 32.  To the extent that paragraph 32 paraphrases, summarizes, or characterizes the PV Contracts or their modifications or attempts to draw any factual inferences or legal conclusions from the PV Contracts or their modifications, PWC denies these allegations.

33.    Paragraph 33 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 33.

34.     As to the first sentence of paragraph 34, the so-called "Partnership Agreement" attached as Exhibit C and referenced in paragraph 34 speaks for itself.   To the extent that the first sentence of paragraph 34 paraphrases, summarizes, or characterizes Exhibit C or attempts to draw any factual inferences or legal conclusions from Exhibit C, PWC denies these allegations. PWC otherwise denies the allegations in the first sentence of paragraph 34. PWC denies the second and third sentences of paragraph 34.   PWC lacks knowledge or information sufficient to form a belief as to the truth of the last sentence of paragraph 34 and, on that basis, denies the same.   PWC otherwise denies the allegations in paragraph 34.

35.     Denied.

36.     PWC lacks knowledge or information sufficient to form a belief as to the truth of Relator's "beliefs" and, on that basis, denies the same.   PWC otherwise denies the allegations in paragraph 36.

37.     PWC lacks knowledge or information sufficient to form a belief as to the truth of whether TSC's prices were higher than KMSCO's prices and, on that basis, denies the same.   PWC admits that its trucks sometimes picked up LMRI from the facilities of local vendors.   PWC otherwise denies the allegations in paragraph 37.

38.     PWC admits that the Relator has attached a document labeled Exhibit G, which purports to be a true copy of what the Relator refers to as "an e-mail to PWC" containing the language quoted in paragraph 38.  To the extent that paragraph 38 paraphrases, summarizes, or characterizes Exhibit G or attempts to draw any factual inferences or legal conclusions from Exhibit G, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 38.

39.     PWC admits that, during the performance of the First PV Contract, it stopped working with KMSCO.  PWC further admits that TSC supplied LMRI to PWC under the First PV Contract.  PWC otherwise denies the allegations in paragraph 39.

40.     Denied.

41.     Denied.

42.     As to the first sentence of paragraph 42, PWC admits that the alleged "Partnership Agreement" attached as Exhibit C and referenced in paragraph 42 was terminated in 2003.  PWC denies the existence of any "fraudulent scheme" as alleged in paragraph 42.  PWC lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of

paragraph 42 and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 42.

43.    PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 43.

44.    PWC denies paragraph 44 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 44 is deemed not moot, PWC admits that PWC billed DSCP a "Unit Price" for each item ordered, and that a "Unit Price" is comprised of two components, the "Delivered Price" and the "Distribution Price."   To the extent paragraph 44 paraphrases, summarizes, or characterizes the PV Contracts or attempts to draw any factual inferences or legal conclusions from the PV Contracts, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 44.

45.    PWC denies paragraph 45 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 45 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC admits

16

that the Relator has attached a document labeled Exhibit H, which purports to be a true copy of what Relator calls "spreadsheet summary."  To the extent that paragraph 45 paraphrases, summarizes, or characterizes Exhibit H or attempts to draw any factual inferences or legal conclusions from Exhibit H, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 45.

46.    PWC denies paragraph 46 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 46 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 46.

47.    PWC denies paragraph 47 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 47 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC admits that the Relator has attached documents labeled Exhibit I-1, Exhibit I-2, and Exhibit H, which purport to be true copies of what Relator calls "analysis and comparison of PWC's excessive charges as to Local Market Product costs,"

17

"PWC's Invoice Number 022502," and "spreadsheet summary," respectively. To the extent that paragraph 47 paraphrases, summarizes, or characterizes these exhibits or attempts to draw any factual inferences or legal conclusions from these exhibits, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 47.

48.   PWC denies paragraph 48 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 48 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC admits that the Relator has attached documents labeled Exhibit J-1, Exhibit J-2, and Exhibit H, which purport to be true copies of what Relator calls "line item analysis of Local Market Products," "PWC Invoice Number 24226," and "spreadsheet summary," respectively.   To the extent that paragraph 48 paraphrases, summarizes, or characterizes these exhibits or attempts to draw any factual inferences or legal conclusions from these exhibits, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 48.

49.   PWC denies paragraph 49 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 49 is deemed not

18

moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC admits that the Relator has attached documents labeled Exhibit K-1, Exhibit K-2, and Exhibit H, which purport to be true copies of what Relator calls "comparative analysis of [an] invoice to Local Market Product costs," "Invoice Number 25446," and "spreadsheet summary," respectively.  To the extent that paragraph 49 paraphrases, summarizes, or characterizes these exhibits or attempts to draw any factual inferences or legal conclusions from these exhibits, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 49.

50.   PWC denies paragraph 50 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 50 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.  PWC admits that the Relator has attached documents labeled Exhibit L-1, Exhibit L-2, and Exhibit H, which purport to be true copies of what Relator calls "line item analysis of Local Market Products charged in said [Invoice Number 29389]," "Invoice Number 29389," and "spreadsheet summary," respectively.  To the

extent that paragraph 50 paraphrases, summarizes, or characterizes these exhibits or attempts to draw any factual inferences or legal conclusions from these exhibits, PWC denies these allegations. PWC otherwise denies the allegations in paragraph 50.

51.    PWC denies paragraph 51 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent that paragraph 51 is deemed not moot, as to the first sentence of paragraph 51, PWC admits that it worked with KMSCO during part of the First PV Contract. PWC denies the second sentence of paragraph 51. PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same. PWC otherwise denies the allegations in paragraph 51.

52.    PWC denies paragraph 52 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent that paragraph 52 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same. PWC admits that the Relator has attached a document labeled Exhibit M, which purports to be a true copy of what Relator refers to as an analysis of twenty-five TSC

20

invoices.   To the extent that paragraph 52 paraphrases, summarizes, or characterizes Exhibit M or attempts to draw any factual inferences or legal conclusions from Exhibit M, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 52.

53.   PWC denies paragraph 53 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent that paragraph 53 is deemed not moot, PWC admits that the Relator has attached a document labeled Exhibit N, which purports to be a true copy of what Relator calls "Invoice Number 7."   To the extent that paragraph 53 paraphrases, summarizes, or characterizes Exhibit N or attempts to draw any factual inferences or legal conclusions from Exhibit N, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 53.

54.   PWC denies paragraph 54 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent that paragraph 54 is deemed not moot, PWC lacks knowledge or information sufficient to form a belief as to the truth of the purported reviews and/or analyses conducted by the Relator and any conclusions reached therein and, on that basis, denies the same.   PWC admits that the Relator has attached a document labeled Exhibit O, which purports to be a true copy of what Relator refers to as unit prices for dairy products.   To the

21

extent that paragraph 54 paraphrases, summarizes, or characterizes Exhibit O or attempts to draw any factual inferences or legal conclusions from Exhibit O, PWC denies these allegations.   PWC otherwise denies the allegations in paragraph 54.

55.   PWC admits that the Fresh Fruits Company and other local vendors were involved in providing LMRI to the U.S. military.  PWC otherwise denies the allegations in paragraph 55.

56.   PWC admits that its trucks sometimes picked up LMRI from the facilities of local vendors.  PWC otherwise denies the allegations in paragraph 56.

57.   PWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies the allegations in paragraph 57.

58.    PWC lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "DSCP bases its payments" on certain "understandings" and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 58.

59.   To the extent that paragraph 59 paraphrases, summarizes, or characterizes the PV Contracts or attempts to draw any factual inferences or

legal conclusions from the PV Contracts, PWC denies these allegations.  PWC otherwise denies the allegations in paragraph 59.

60.   Denied.

61.   Denied.

62.   Denied.

63.   PWC admits that Defendant Al-Essa was the Chairman and Managing Director of PWC.  PWC lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the first sentence of paragraph 63 and, on that basis, denies the same.  PWC denies the second sentence of paragraph 63 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent the second sentence of paragraph 63 is deemed not moot, PWC denies it.

64.   Denied.

65.   Denied.

66.   PWC denies paragraph 66 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 66 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 65 with the same legal force and effect as if fully set forth herein.

67.     PWC denies paragraph 67 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

68.     PWC denies paragraph 68 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

69.     PWC denies paragraph 69 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 69 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 68 with the same legal force and effect as if fully set forth herein.

70.     PWC denies paragraph 70 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

71.     PWC denies paragraph 71 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

72.     PWC denies paragraph 72 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

73.     PWC incorporates by reference its answers to paragraphs 1 through 72 with the same legal force and effect as if fully set forth herein.

74.     Paragraph 74 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 74.

75.     PWC denies paragraph 75 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent this paragraph is deemed not moot, paragraph 75 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 75.

76.     PWC denies paragraph 76 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent this paragraph is deemed not moot, paragraph 76 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 76.

77.     PWC denies paragraph 77 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent this paragraph is deemed not moot, paragraph 77 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 77.

78.     Paragraph 78 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC denies the allegations in paragraph 78.

79.     Paragraph 79 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 79.

80.     Paragraph 80 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 80.

81.     Paragraph 81 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 81.

82.     PWC denies paragraph 82 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 82 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 81 with the same legal force and effect as if fully set forth herein.

83.     PWC denies paragraph 83 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

84.     PWC denies paragraph 84 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

85.     PWC denies paragraph 85 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

86.    PWC denies paragraph 86 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

87.    PWC denies paragraph 87 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

88.    PWC denies paragraph 88 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 88 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 87 with the same legal force and effect as if fully set forth herein.

89.    PWC denies paragraph 89 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

90.    PWC denies paragraph 90 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

91.    PWC denies paragraph 91 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

92.    PWC denies paragraph 92 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 92 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 91 with the same legal force and effect as if fully set forth herein.

93.     PWC denies paragraph 93 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

94.     PWC denies paragraph 94 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

In response to the section following paragraph 94 of the Relator's Complaint beginning with "WHEREFORE, Plaintiff/Relator PRAYS for judgment as follows," and each of its subparts (a) through (i), PWC denies that the Relator is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint.  To the extent the Relator's "Prayer for Relief" states legal conclusions, no response is required.  To the extent a response is deemed necessary, PWC denies the allegations.

95.     PWC denies paragraph 95 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 95 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 94 with the same legal force and effect as if fully set forth herein.

96.     PWC denies paragraph 96 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

97.     PWC denies paragraph 97 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

28

98.   PWC denies paragraph 98 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 98 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 97 with the same legal force and effect as if fully set forth herein.

99.   PWC denies paragraph 99 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

100.  PWC denies paragraph 100 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

101.  PWC denies paragraph 101 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

102.  PWC denies paragraph 102 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

103.  PWC denies paragraph 103 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

104.  PWC denies paragraph 104 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

105.  PWC denies paragraph 105 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

106.   PWC denies paragraph 106 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

107.   PWC denies paragraph 107 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

108.   PWC denies paragraph 108 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

109.   PWC denies paragraph 109 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

110.   PWC denies paragraph 110 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent paragraph 110 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 109 with the same legal force and effect as if fully set forth herein.

111.   PWC denies paragraph 111 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

112.   PWC denies paragraph 112 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

113.   PWC denies paragraph 113 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

114.   PWC denies paragraph 114 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

115.   PWC denies paragraph 115 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

116.   PWC denies paragraph 116 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

117.   PWC denies paragraph 117 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent paragraph 117 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 116 with the same legal force and effect as if fully set forth herein.

118.   PWC denies paragraph 118 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 118 is deemed not moot, PWC denies paragraph 118.

119.   PWC denies paragraph 119 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 119 is deemed not moot, paragraph 119 sets forth legal conclusions as to which no response is required.  To the extent a response is deemed necessary, PWC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 regarding any analysis, comparison, determinations, or other

31

actions taken by Plaintiff/Relator and regarding TSC's intent and, on that basis, denies the same.  PWC otherwise denies the allegations in paragraph 119.

120.   PWC denies paragraph 120 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 120 is deemed not moot, paragraph 120 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 120.

121.   PWC denies paragraph 121 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 121 is deemed not moot, paragraph 121 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 121.

122.   PWC denies paragraph 122 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).  To the extent that paragraph 122 is deemed not moot, paragraph 122 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 122.

In response to the section following paragraph 122 of the Relator's First Amended Complaint beginning with "WHEREFORE, having amended the

Original Complaint by adding the foregoing Counts thereto, Plaintiff/Relator PRAYS for judgment and relief as follows," and each of its subparts (a) through (m), PWC denies that the Relator is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint and/or the First Amended Complaint. To the extent the Relator's "Prayer for Relief" states legal conclusions, no response is required. To the extent a response is deemed necessary, PWC denies the allegations.

123. PWC denies paragraph 123 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent paragraph 123 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 94 with the same legal force and effect as if fully set forth herein.

124. PWC denies paragraph 124 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284). To the extent paragraph 124 is deemed not moot, PWC incorporates by reference its answers to paragraphs 95 through 122 with the same legal force and effect as if fully set forth herein.

125. PWC denies paragraph 125 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

126. PWC denies paragraph 126 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

127.   PWC denies paragraph 127 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

128.   PWC denies paragraph 128 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

129.   PWC denies paragraph 129 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

130.   PWC denies paragraph 130 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).

131.   PWC denies paragraph 131 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent paragraph 131 is deemed not moot, PWC incorporates by reference its answers to paragraphs 1 through 130 with the same legal force and effect as if fully set forth herein.

132.   PWC denies paragraph 132 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent that paragraph 132 is deemed not moot, paragraph 132 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 132.

133.   PWC denies paragraph 133 as moot, pursuant to the Court's March 16, 2017 Order (ECF No. 284).   To the extent that paragraph 133 is deemed not

moot, paragraph 133 sets forth legal conclusions as to which no response is required.   To the extent a response is deemed necessary, PWC denies the allegations in paragraph 133.

In response to the section following paragraph 133 of the Relator's Second Amended Complaint beginning with "WHEREFORE, having amended the Original Complaint and the First Amended Complaint by adding the foregoing Counts thereto, Plaintiff/Relator PRAYS for judgment and relief as follows," and each of its subparts (a) through (n), PWC denies that the Relator is entitled to any relief whatsoever in connection with the allegations set forth in the Complaint and/or the First Amended Complaint and/or the Second Amended Complaint.   To the extent the Relator's "Prayer for Relief" states legal conclusions, no response is required.   To the extent a response is deemed necessary, PWC denies the allegations.

Any allegation in the Relator's Complaint, First Amended Complaint, and/or Second Amended Complaint not specifically admitted, including but not limited to any subpart or heading, is hereby denied.

## **<u>AFFIRMATIVE DEFENSES</u>**

PWC alleges the following separate and distinct Affirmative Defenses to the allegations set forth in Relator's Complaint, First Amended Complaint, and

Second Amended Complaint.  By alleging the matters set forth below as Affirmative Defenses, PWC does not thereby allege or admit that PWC has the burden of proof or the burden of persuasion with respect to any of these matters. PWC presently lacks sufficient knowledge or information on which to form a belief as to whether it may have additional available affirmative defenses.  PWC hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its rights to amend its answer and assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

(Ratification)

The Relator's claims are barred, in whole or in part, by the doctrine of ratification.  PWC consistently and clearly disclosed its interpretation of the relevant provisions of the PV Contracts to DSCP.  DSCP never objected to PWC's disclosures and interpretations, and, instead, explicitly incorporated PWC's definitions into the Second PV Contract.  DSCP also continued paying PWC's invoices, awarded PWC with the PV Bridge and the Second PV Contracts, and exercised all three options to extend the Second PV Contract with full awareness of PWC's definitions and interpretations of key PV Contract

provisions.  DSCP ratified, or otherwise consented to, PWC's pricing practices throughout its performance of the PV Contracts.

## SECOND AFFIRMATIVE DEFENSE

### (Acquiescence)

The Relator's claims are barred, in whole or in part, by the doctrine of acquiescence.  PWC consistently and clearly disclosed its interpretation of the relevant provisions of the PV Contracts to DSCP.  DSCP never objected to PWC's disclosures and interpretations, and, instead, explicitly incorporated PWC's definitions into the Second PV Contract.  DSCP also continued paying PWC's invoices, awarded PWC with the PV Bridge and Second PV Contracts, and exercised all three options to extend the Second PV Contract with full awareness of PWC's definitions and interpretations of key PV Contract provisions.  To the extent that PWC's pricing practices were inconsistent with any contractual requirements, which they were not, DSCP acquiesced to those practices throughout its performance of the PV Contracts.

## THIRD AFFIRMATIVE DEFENSE

### (Knowledge)

DSCP, DLA and/or the DoD had knowledge of PWC's pricing practices due to PWC's consistent and clear disclosures of its interpretations of the relevant provisions of the PV Contracts to DSCP.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Relator's claims are barred, in whole or in part, by the doctrine of estoppel.  PWC consistently and clearly disclosed its interpretation of the relevant contract provisions to DSCP, which explicitly incorporated PWC's definitions into the Second PV Contract, and DSCP continued paying PWC's invoices, awarded PWC the Second PV Contract, and exercised all three options to extend the Second PV Contract with full awareness of PWC's definitions and interpretations of key PV Contract provisions.

## FIFTH AFFIRMATIVE DEFENSE

### (Materiality)

Any false claim submitted or false statement made by PWC to DSCP was not material according to the standard set forth in *Universal Health Servs., Inc. v. Escobar*, 136 S. Ct. 1989 (2016).

38

## SIXTH AFFIRMATIVE DEFENSE

(Public Disclosure)

The Court lacks jurisdiction under the False Claims Act over the Relator's claims pursuant to 31 U.S.C. § 3730(e)(4)(A) (2005) because (1) the claims, allegations, and transactions described in Relator's Complaint, First Amended Complaint, and Second Amended Complaint were "publicly disclosed" prior to the filing of the lawsuit and (2) Relator is not an "original source" of the information as defined by section 3730(e)(4)(B) (2005).

## SEVENTH AFFIRMATIVE DEFENSE

(Insufficient Service of Process)

The Relator's claims should be dismissed for insufficiency of service of process.

## EIGHTH AFFIRMATIVE DEFENSE

(Laches)

The Relator's claims are barred, in whole or in part, by the doctrine of laches because PWC consistently and clearly disclosed its interpretation of the relevant contract provisions to DSCP, which explicitly incorporated PWC's definitions into the Second PV Contract. The government did not assert its rights, but instead continued paying PWC's invoices, awarded PWC the Second

PV Contract, and exercised all three options to extend the Second PV Contract will full awareness of PWC's definitions and interpretations of key PV Contract provisions.

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

The Relator's claims are barred, in whole or in part, by the doctrine of waiver.  PWC consistently and clearly disclosed its interpretation of the relevant provisions of the PV Contracts to DSCP.  DSCP never objected to PWC's disclosures and interpretations, and, instead, explicitly incorporated PWC's definitions into the Second PV Contract.  DSCP also continued paying PWC's invoices, awarded PWC with the PV Bridge and Second PV Contracts, and exercised all three options to extend the Second PV Contract with full awareness of PWC's definitions and interpretations of key PV Contract provisions.  To the extent that any contractual requirements were inconsistent with PWC's pricing practices, which they were not, DSCP waived those requirements throughout its performance of the PV Contracts.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith)

The Relator's claims are barred, in whole or in part, because any and all actions taken by PWC with respect to any of the matters alleged in Relator's Complaint, First Amended Complaint, and Second Amended Complaint were taken in good faith and in accordance with established industry practice.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Injury)

The government has not suffered any actual injury as a result of PWC's pricing practices.

## TWELFTH AFFIRMATIVE DEFENSE

(Recoupment and Setoff)

The Relator's claims are barred, in whole or in part, by the doctrines of recoupment and setoff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

The government has failed to mitigate its damages, if any, by continuing to pay PWC's invoices despite its agents' or authorized representatives'

41

knowledge that those invoices were allegedly "false or fraudulent" or allegedly violated the terms of the PV Contracts.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Right to Offset)

PWC is entitled to an offset for all amounts the United States has received for the alleged loss which gave rise to this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Recovery Inconsistent with Applicable Law and Regulations)

The Relator's claims are barred, in whole or in part, to the extent that they seek to impose on PWC obligations that are inconsistent with, or in excess of, those imposed by existing law and regulation in effect during the time period of the conduct alleged in the Relator's Complaint, First Amended Complaint, and Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Expert)

The Relator's claims are barred, in whole or in part, because PWC disclosed all relevant information, including the PV Contracts and solicitations, to its expert consultant, Professional Contract Administrators ("PCA"), and

relied in good faith on PCA's advice regarding the interpretation of key PV Contract terms.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Violation of the Excessive Fines Clause and the Due Process Clause)

To the extent damages and/or penalties in excess of any actual damages suffered by the government are sought against PWC, such an award would violate the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

PWC reserves the right to raise any additional affirmative defenses that may be established during discovery or other investigation and by the evidence in this case.

## JURY TRIAL DEMAND

PWC demands a jury trial on all issues so triable.

43

## **PRAYER FOR RELIEF**

WHEREFORE, PWC, having fully answered the Relator's Complaint, First Amended Complaint, and Second Amended Complaint, respectfully requests that the Court:

1.      Enter judgment in favor of PWC, deny the Relator's requested relief in its entirety, and order that the Relator shall recover nothing;

2.      Award PWC the costs and expenses incurred to defend this action, including reasonable attorneys' fees; and

3.      Award PWC such other relief as the Court deems just and proper.

Dated:  March 30, 2017     Respectfully submitted,

s/ Richard Marmaro
Richard Marmaro (admitted *Pro Hac Vice*)
Cal. Bar No. 091387
Matthew E. Sloan (admitted *Pro Hac Vice*)
Cal. Bar No. 165165
Emily Ludmir Aviad (admitted *Pro Hac Vice*)
Cal. Bar No. 251995
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, California  90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Dated:  March 30, 2017     Respectfully submitted,
s/ Kristin N. Tahler
Kristin N. Tahler (admitted *Pro Hac Vice*)
Cal. Bar No. 261908
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Dated:  March 30, 2017            Respectfully submitted,

                                  s/ Richard H. Deane, Jr.
                                  Richard H. Deane, Jr.
                                  Ga. Bar No. 214875
                                  Lucas W. Andrews
                                  Ga. Bar No. 019533
                                  JONES DAY
                                  1420 Peachtree Street, N.E.
                                  Suite 800
                                  Atlanta, Georgia  30309-3053
                                  Telephone:   (404) 521-3939
                                  Facsimile:    (404) 581-8330


                                  Attorneys for Defendant
                                  The Public Warehousing Company, K.S.C.

46

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filings to all counsel of record.

This 30th day of March, 2017.

s/ Richard Marmaro
Richard Marmaro